MARCELINO GARCIA, Auditor, Plaintiff in Error, v. TERRITORY ex rel. H. O. BURSUM, Defendant in Error.

### SYLLABUS BY THE COURT.

1. TERRITORIAL FINANCES—FISCAL YEAR.—As relating to Territorial finances, December, 1897, and January and February, 1898, fell within the forty-eighth fiscal year.

2. TERRITORIAL AUDITOR—MANDAMUS ON.—The Territorial Auditor is not compellable, by mandamus, to draw his warrant, for services incurred in transporting convicts to the Territorial penitentiary and rendered during the forty-eighth fiscal year by the sheriff of Socorro county, against the particular fund appropriated for like services during the forty-ninth fiscal year.

*Error* to the District Court of Socorro county.   Reversed and remanded with directions.

Facts appear in the opinion.

Hon. E. L. BARTLETT, for plaintiff in error.

SILAS ALEXANDER and H. M. DOUGHERTY for defendant in error.

CRUMPACKER, J.—By mandamus, it was sought in this proceeding to compel the Territorial Auditor to draw his warrant in favor of relator, H. O. Bursum, for the sum of $1,330.00 against the appropriation of the Forty-ninth fiscal year for transportation of convicts. The relator, in his petition, alleged, that as the duly qualified and acting sheriff of Socorro county, New Mexico, he performed the services, as required by law, of transporting convicts from the county of Socorro to the Territorial penitentiary; that on the seventh day of March, 1898, for such service he presented to the Auditor his account; that the said Auditor allowed thereon said sum on said date, the said date being alleged to be within and during the forty-ninth fiscal year; relator further alleged that the Auditor had funds in hand out of which said account was payable; that it was the duty of the Auditor to issue his warrant for said sum in favor of relator out of appropriation for the forty-ninth fiscal year; that after request and demand, said Auditor neglected, refused, and still does neglect and refuse to draw said warrant, etc.: Wherefore, he prayed the issuance of the writ of mandamus, etc.

For answer to the alternative writ, the respondent admitted that said relator was, during the forty-eighth fiscal year, entitled to receive from the Territory out of the fund for the transportation of convicts, the sum of $1,330.00 for transporting convicts to the Territorial penitentiary during the months of December, 1897, and January and February, 1898, had there been any money in said fund appropriated for the forty-eighth fiscal year with which to pay the same at the time of presentation of the account, but showed that at such time a deficiency already existed in said fund, wherefore respondent denied that under the law it was his duty to draw his warrant for said sum in relator's favor out of the appropriation for the forty-ninth fiscal year, for the reason that all of said services were rendered by relator during the forty-eighth fiscal year, which it was alleged closed on the sixth day of March, 1898. The sworn answer of respondent contains also a statement of the accounts filed against and pay-

ments made out of the "transportation of convicts'" fund, for the forty-eighth fiscal year, and an exhibit of relator's account, which are in accordance with the substance of respondent's answer.

The cause was heard on the alternative writ and answer, and the writ was ordered to be made peremptory, which peremptory writ commanded the Auditor to draw his warrant in favor of the relator, H. O. Bursum, for said sum, on the Territorial Treasurer, out of the appropriation for the forty-ninth fiscal year, for the transportation of convicts; to which writ the respondent made return that in compliance therewith, he had so drawn the warrant, but protested that the same was drawn solely upon the order of court and not voluntarily.

Respondent sued out from the Supreme Court a writ of error, and this cause is before us for review upon the record alone.

It being conceded that the services upon which the claim of relator is based, were rendered by him during the forty-eighth fiscal year, that the money in the fund so appropriated for said year was exhausted, and that the claim filed against said fund exceed the appropriation for said TERRITORIAL fi- year at the time of the presenting of relator's nances: fiscal year. account, the only question to be decided is whether or not the Territorial Auditor could lawfully draw his warrant in relator's favor in payment of said account against the specific appropriation for services of a similar character, for the forty-ninth fiscal year.

For many years in this Territory, section 2597, C. L. of N. M., 1897, has been a general limitation upon the authority of the Auditor, under which he may audit only such accounts as have been expressly allowed by acts passed by the Legislative Assembly; and by section 2598 thereof, he was required to report claims not so allowed to the next Legislative Assembly for its action thereon. By section 4015 of said laws (Laws of 1889, p. 81) the Legislative Assembly of the Territory established fiscal years, beginning on the first

Monday of March of each year, and by the same act provided certain particular funds of the Territory out of which only should claims against the Territory be paid, and also provided in said act (section 2694, C. L. of N. M., 1897) that the Auditor shall in no case draw any warrant upon any fund for a greater sum than that of the money subject to draft in that fund, less the amount of any outstanding and unpresented warrants against that fund, and attached severe penalties for any violation of the provisions of the act. By section 2610, C. L. of N. M., 1897, (Laws of 1891, p, 232) it was provided that "if the Auditor of the Territory shall draw any warrant on the Treasurer of the Territory, when there is no money in the treasury in the particular fund for which the warrant is drawn, he shall be liable to a fine of not less than one thousand dollars, and imprisonment for not less than one year, and shall be summarily removed from office by the Governor." By section 4177, C. L. of N. M., 1897 (Laws of 1897, p. 154), the Territorial Assembly made the specific appropriation for the forty-eighth fiscal year for "transportation of convicts to the penitentiary and executing death warrants, of five thousand dollars;" and by section 4178 thereof (Laws of 1897, p. 157) a like appropriation was made for the forty-ninth fiscal year.

Whether or not the relator's account might not have been paid under the provisions of section 4180, C. L. of N. M., 1897, out of any surplus remaining in any fund except the interest fund, of the appropriations for the forty-eighth fiscal year, is a question not raised in this case.

From the mere recital of the above statutes, it is plain beyond argument, under the facts in this case, that the months of December, 1897, January and February, 1898, covering the period during which the services for which the charge is made against the Territory were rendered by the relator—in their relation to Territorial finances—fell within the forty-eighth fiscal year, and that it was therefore, not the duty of the Territorial Auditor to draw his warrant in payment of relator's account against the fund appropriated for the forty-ninth fiscal year; the Territorial Assem-

TERRITORIAL
auditor: man-
damus on.

bly having limited the authority of the Auditor to audit, and having expressly prohibited him from auditing on the pain of severe penalties, any accounts against said fund so appropriated for the forty-ninth fiscal year, except such accounts for transportation of convicts to the penitentiary and executing death warrants as are rendered for services performed within said fiscal year. We believe it to be true that the Legislative Assembly has always promptly made provision for the payment of all deficiencies as reported to it by the Auditor in fees and salaries of officers, and that it was the duty of the relator to abide such action by that body upon this account.

The court below erred in granting the writ of mandamus, and the judgment of the court below is reversed and the cause remanded with direction to the district court below to dismiss relator's petition.

Mills, C. J., Parker and McFie, JJ., concur.

---

[842.  May 2, 1900.]